# In the United States Court of Federal Claims

No. 20-620T
Filed: March 17, 2021
TO BE PUBLISHED

|  |  |
|---|---|
| **STEVEN ERICH HUBBARD,**<br><br>*Plaintiff,*<br><br>v.<br><br>**THE UNITED STATES,**<br><br>*Defendant.* | **Keywords:** Bill of Costs; RCFC 54(d)(1); Fee Award; Filing Fees; Prevailing Party |

*Stuart J. Bassin*, Bassin Law Firm, Washington, D.C., for Plaintiff.

*Patrick Phippen*, Trial Attorney, Tax Division, with whom were *G. Robson Stewart*, Assistant Chief, *David Pincus*, Chief, Court of Federal Claims Section, and *Richard Zuckerman*, Principal Deputy Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for Defendant.

## ORDER

**TAPP, Judge.**

      In this tax case, Steven Erich Hubbard ("Hubbard"), filed a Complaint against the United States asserting damages commensurate with an unpaid tax credit. (Compl., ECF No. 1; Am. Compl. ECF No. 9). The unpaid credit has since been issued and the underlying case has been dismissed as moot. Hubbard now seeks reimbursement for costs associated with this litigation. The sole question before this Court is whether Hubbard is classified as a "prevailing party" and therefore entitled to reimbursement of filing fees. Because this Court finds that he is not a "prevailing party," Hubbard's Bill of Costs is **DENIED**.

      This Complaint was filed pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act was signed into law on March 27, 2020 as part of the Federal Government's response to the 2020 coronavirus pandemic. Section 2201 of the CARES Act created a "recovery rebate," structured as a $1,200 tax credit for eligible individuals. 26 U.S.C. § 6428. The tax credit[1] was treated as an "advance refund," meaning qualified individuals would directly receive the rebate as an economic impact payment. *Id*. § 6428(f). The CARES Act directs the Secretary of the Treasury

---

[1] This tax credit holds different titles in everyday vernacular. Within this Order, it is also referred to as an "recovery rebate," "economic impact payment," and "stimulus payment."

to issue the credit "as rapidly as possibly" and specifies that no impact payment "shall be made or allowed" after December 31, 2020. *Id.* § 6428(f)(3)(A). The crux of the case is a belated economic impact payment pursuant to the CARES Act.

Hubbard brought suit on May 15, 2020, stating that "contrary to IRS guidance, Plaintiff has failed to receive his $1,200 stimulus payment." (Compl. at 2, ECF No. 1). At that time, Hubbard submitted an incomplete application requesting permission to proceed *in forma pauperis*. (ECF No. 4). Because of those deficiencies, the Court denied his request with instructions to submit a complete application within 30 days. (ECF No. 7). On May 21, 2020, Hubbard filed a second, completed application to proceed *in forma pauperis*, averring that his previous monthly gross income was $1,945 and that he was receiving weekly payments of $780.00 from unemployment benefits. (ECF No. 11). The next day, the Court again denied Hubbard's application, finding that his expenses totaled less than one third of his monthly income and that he did not qualify to proceed *in forma pauperis*. (ECF No. 12). The docket indicates that the filing fee was paid by a check received on June 1, 2020.[2] Based on the nature of this suit, this Court entered an Order requesting Hubbard's consent to referral of this case to the Court of Federal Claims Bar Association Pro Bono/Attorney Referral Pilot Program for potential representation by counsel. (ECF No. 14). After obtaining Hubbard's consent, the Court referred the case for possible representation and counsel entered an appearance on July 21, 2020. (ECF Nos. 16, 17, 18).

On October 16, 2020, having not yet filed a response to Hubbard's Complaint, the United States moved for an enlargement of time. (ECF No. 26). In that motion, the United States explained that Hubbard had filed a duplicate or amended 2019 tax return prior to receiving the requested refund, which ultimately caused a delay in the economic impact payment. On December 9, 2020, the United States moved to dismiss the Complaint as moot, averring that the IRS has issued Hubbard an economic impact payment. (Mot. to Dismiss, ECF No. 28). Finding that the underlying issue was in fact resolved, the Court dismissed the subject action on January 14, 2021. (Order of Dismissal, ECF No. 32).

Since dismissal, Hubbard is again before the Court seeking to recoup his filing fees. (Bill of Costs, ECF No. 35). In support of reimbursement, Hubbard states that because he ultimately received the sought payment, he is entitled to recover costs under the Rules of this Court. RCFC 54(d)(1) states that "costs—other than attorney's fees—should be allowed to the *prevailing party* to the extent permitted by law." RCFC 54(d)(1) (citing 28 U.S.C. § 2412(a)) (emphasis added). The only question before this Court is whether Hubbard is a "prevailing party."[3]

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res*, 532 U.S. 598, 622 (2001) is the seminal case defining whether a litigant is a "prevailing party" for the

---

[2] That check for filing fees was later returned, but the docket reflects a successful payment of such filing fee on August 3, 2020.

[3] The United States objects to the timeliness of Hubbard's Bill of Costs, arguing that it is premature because the time for appeal had not expired. While it was indeed untimely filed, addressing such would be futile as the time for appeal has now elapsed.

purposes of a fee award.  In *Buckhannon*, the Supreme Court held that "a 'prevailing party' is one who has been awarded some relief by a court." *Id*. at 603. Such an award includes "judgments on the merits and court-ordered consent decrees [that] create [a] 'material alteration of the legal relationship of the parties[.]'" *Id*. at 604 (citation omitted). The Supreme Court expressly rejected the "catalyst theory," foreclosing award of attorney's fees "where there is no judicially sanctioned change in the legal relationship of the parties" even though a "voluntary change in conduct" occurred. *Id*. at 605. Instead, the Supreme Court reaffirmed that a "prevailing party" must establish "entitlement to some relief on the merits of [their] claims[.]" *Id*. at 604 (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980) (internal quotations omitted).

The United States argues that "Hubbard did not obtain an enforceable judgment, consent decree, or settlement in the instant lawsuit" and thus "cannot plausibly maintain that he prevailed[.]" (Def.'s Resp. at 4, ECF No. 36). The United States maintains that, because receipt of the stimulus payment was untethered to this litigation, Hubbard he is not entitled to recover costs. (*Id*.). The Court agrees; Hubbard has not established a causal relationship between receipt of the economic impact statement and this litigation.

Under the *Buckhannon* analysis, to be a prevailing party, the plaintiff must show a "material alteration of the legal relationship of the parties[.]" 532 U.S. at 604 (internal quotations omitted). While this suit's objective has been fulfilled, Hubbard has not shown that the result was the fruit of this litigation, nor that these proceedings specifically caused a change in the parties' legal relationship. The United States, citing Hubbard's IRS account transcripts for 2019 and 2020, correctly asserts that the IRS did not place a litigation hold on his tax account for either year because of this lawsuit. (Def.'s Resp. at 4 (citing to Def.'s App., ECF No. 28-1)). Further, the United States points out that Hubbard himself created this delay when he prematurely filed an amended tax return, which placed a hold on his account.

Hubbard argues that he is the prevailing party because "he has obtained all of the relief that he ever sought" and because he "had not received the credit when he filed this case" but "he has now received the credit." (Pl.'s reply at 1). Hubbard's logic fails to consider that he would have eventually received his return without filing this lawsuit, and no event in this litigation precipitated or accelerated the IRS's delivery of an economic impact payment to Hubbard. The Court rejects Hubbard's flawed logic on that basis. Hubbard claims that adopting this standard of a "prevailing party" would allow a defendant to ". . . defeat an application for costs, even when a jury returns a plaintiff's verdict, if they pay the verdict before the Court entered the formal 'judgment.'" (Pl.'s Resp. at 1). The Court disagrees with that analysis. Hypothetically, should Hubbard have brought suit to recover a belated refund that was apparently delayed because of his premature amended return, he could not possibly be declared a prevailing party once that return is processed and a refund is issued. In that scenario, relief and litigation are separate and attenuated. Allowing a party who jumps the gun to be declared a victor would flood the Court with procedurally resolvable suits. This diminishes judicial efficiency, thereby imposing a burden on parties with meritorious suits.

Hubbard is not a "prevailing party" for the purposes of a fee award because he cannot demonstrate that the result in this case materially altered his legal relationship with the United States. It is uncontested that there was no litigation hold on Hubbard's account to lift, and Hubbard has not demonstrated that his economic impact payment was issued outside the normal

course of business. Without some evidence to the contrary, the Court cannot find that Hubbard is a prevailing party. Therefore, Hubbard's Bill of Costs is **DENIED**.

      **IT IS SO ORDERED.**



s/    David A. Tapp
DAVID A. TAPP, Judge